## HAMMON CONSOL. GOLD FIELDS v. POWELL.

Circuit Court of Appeals, Ninth Circuit.
July 15, 1929.

No. 5632.

For former opinion, see 32 F.(2d) 855.

O. D. Cochran, of Nome, Alaska, and Pillsbury, Madison & Sutro, Alfred Sutro, and Eugene M. Prince, all of San Francisco, Cal., for appellant.

Thomas R. Lyons and Ira D. Orton, both of Seattle, Wash., for appellee.

Before RUDKIN and DIETRICH, Circuit Judges, and ST. SURE, District Judge.

PER CURIAM. The surrender of the lease or option by the appellant naturally gave rise to two questions: First, the liability of the appellant for damages resulting from the surrender; and, second, its liability for installments already accrued and overdue. The first question was not involved in the present action, and the court refrained as far as possible from expressing any opinion in regard to it. However, the appellant contended that a certain provision of the agreement between itself and the trust absolved it from liability for past-due installments, and the court was compelled to construe the provision to some extent at least in disposing of that contention. Perhaps the court went further than was necessary for that purpose. The provision relied on, together with its context, reads as follows:

"If Gold Fields shall fail to deposit minimum annual payments hereafter to accrue, or unpaid balance of purchase price and accrued interest, or vouchers in lieu thereof, at the times and in the manner as hereinbefore provided, and shall also fail to so deposit within thirty days after the Trust shall have given or shall have caused to be given written notice of default and demand for payment to Gold Fields, or if Gold Fields shall default in the performance or observance of any other of its obligations or covenants contained herein or in any of the leases and options covering the properties enumerated in Schedules B, C and D and shall fail to remedy such default within thirty days after notice and demand to remedy, then the Trust at its option may declare this agreement terminated, and thereupon all the rights of Gold Fields hereunder will cease and terminate, and in such event the Trust will have the right to keep and retain all moneys heretofore paid to it by Gold Fields on account of the option herein contained as rental for the use and occupation of the property the subject of this agreement and as consideration of the rights conferred on Gold Fields hereby, without obligation to account to Gold Fields therefor, and Gold Fields will be without further obligation to make other or further payments to the Trust on account of said option except payment of accrued royalties. No other or further liability shall be imposed on Gold Fields for breach of contract."

The last sentence of the paragraph is the basis of the contention to which we have referred. On the former hearing, it seemed manifest to us that the appellant could not successfully resist the payment of installments already matured, so long as it remained in possession of the property, and it seemed equally manifest that it could not discharge an existing matured obligation to pay past-due installments by a mere surrender of the property. We find nothing in the sentence relied on or in the petition for re-

hearing inconsistent with this view. In all other respects, and for all other purposes, the construction of the contract is left open for future consideration, should the question again arise in litigation over the surrender.

The petition for rehearing is denied.